UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA SCHOOLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:13CV282 TIA |
| ) | |
| UNITED HEALTHCARE INSURANCE ) | |
| COMPANY, d/b/a OXFORD HEALTH ) | |
| PLANS, UNITED BEHAVIORAL ) | |
| HEALTH, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 6).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

Plaintiff is a 25-year-old resident of the State of New York.  (Complaint ¶ 3, ECF No. 1) During the relevant times, Plaintiff was a covered dependent under her father's employer-sponsored group health plan ("Plan").  (Id. at ¶ 5)  Health benefits under the Plan were fully insured through a policy of insurance ("Policy") provided by Defendant United Healthcare Insurance Company, d/b/a Oxford Health Plans ("Oxford").  (Id. at ¶¶ 1, 5)  Oxford retained Defendant United Behavioral Health ("UBH") to address mental health/substance abuse issues related to the Policy.  (Id. at ¶ 8)

Plaintiff has struggled with an eating disorder since the age of 16, and she has participated in numerous treatment programs for this disorder over the past several years.  (Id. at ¶¶ 14, 17)

On February 7, 2011, Plaintiff was admitted to Castlewood Treatment Center for Eating Disorders, located in St. Louis, Missouri, upon the advice of her treating physician.  (Id. at  ¶¶ 21, 32)  Upon admission, Plaintiff requested authorization from UBH for treatment at the residential level of care, which included 24-hour care and staff supervision.  (Id. at ¶¶ 31-32)  UBH denied Plaintiff's request as not medically necessary pursuant to UBH level of care guidelines.  (Id. at ¶ 33)  UBH explained that Plaintiff was "not presenting with sever[e] impairment of psychological functioning and current signs of symptoms of a behavioral health condition do not demonstrate a clinical need for 24 h[ou]r supervision."  (Id.)  Plaintiff's appeals were denied at each level of appeal.  (Id. at ¶ 34)  UBH took the position that the intensive outpatient level of care could adequately address Plaintiff's treatment needs.  (Id. at ¶¶ 33-34)

After completing residential treatment from February 7, 2011 through May 31, 2011, Plaintiff sought authorization from UBH for continuing treatment in an Intensive Day Programming, also known as partial hospitalization.  (Id. at ¶¶ 37-38)  UBH denied coverage for treatment at that level of care as not medically necessary based on the applicable UBH level of care guidelines.  (Id. at ¶ 38)  Again, Plaintiff's appeals were denied at each level of appeal.  (Id. at ¶ 39)

On February 14, 2013, Plaintiff filed a Complaint – Employee Retirement Income Security Act ("ERISA") against Oxford and UBH.  Count I seeks recovery of benefits from Defendants under 29 U.S.C. § 1132(a)(1)(B).  Count II seeks equitable relief from Defendants for failure to pay for treatment, and Count III seeks damages against Defendants based on alleged violations of state mental health parity laws.  On March 21, 2013, Defendants filed the present Motion to Dismiss Count III of the Complaint.

**Standard for Ruling on a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v.

Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss.  Id.

## Discussion

Count III of Plaintiff's Complaint contends that Defendants violated the parity laws of New York and Missouri by not providing mental health coverage that is comparable to health benefits under the plan, causing damages in the form of denial of payment for services rendered to Plaintiff.  Defendants assert that Count III of Plaintiff's Complaint is vague and conclusory and lacks a factual basis to support the alleged violations.  Plaintiff responds that the short, plain statement of facts contained in the Complaint is sufficient to put Defendants on notice of Plaintiff's claims.

Upon review of the Defendants' Motion to Dismiss and related memoranda, the undersigned finds that dismissal of Count III is appropriate.  At the motion to dismiss stage, the issue before the Court is whether the pleadings state a cause of action that is plausible on its face.  Plaintiff correctly asserts that mental health parity laws in both New York and Missouri states that a health benefit plan must provide coverage for treatment of a mental health condition that is at least equal to coverage for physical health treatment.  See Mo. Rev. Stat. § 376.1550; N.Y. Insurance Law § 4303(g)(1) (McKinney 2013).

However, in the Complaint Plaintiff provides no facts to support the assertion that "Defendants have violated these laws buy not providing mental health coverage that is comparable to the health benefits under the plan." (Complaint ¶ 62, ECF No. 1) Instead, Defendants correctly note that Plaintiff's allegations are merely vague and conclusory, and they fail to assert facts to state a claim for relief that is plausible on its face under Twombly and Iqbal. Nothing in the facts recited in the Complaint explains what Policy terms or conduct by Defendants violated the mental health parity laws in either New York or Missouri.

The case cited by Plaintiff is inapposite. In Harlick v. Blue Shield of California, 686 F.3d 699 (9th Cir. 2012), the court found that the Parity Act required "coverage of all 'medically necessary treatment' for 'severe mental illnesses' under the same financial terms as those applied to the physical illnesses." Id. at 719. However, the plan administrator in Harlick denied coverage on the basis that no coverage existed for residential mental health treatment, not because the treatment was not a medical necessity. Id. The court held that Defendant was obligated under the Parity Act to pay for the plaintiff's residential care because Defendant was foreclosed form asserting that the care was not medically necessary. Id. at 721.

Here, however, the Plan did not state that residential mental health treatment was not covered but merely that such treatment was not medically necessary in Plaintiff's case. (Complaint ¶ 50, ECF No. 1) The Policy in question provides medical coverage for mental health services, including treatment for Anorexia Nervosa and Obsessive Compulsive Disorder, that are medically necessary. (Id. at ¶¶ 6, 15) Plaintiff fails to assert any facts under the parity laws that would indicate the Policy did not cover her mental health treatment to the same extent as medical treatment. To the contrary, she acknowledges that the Policy covers mental health treatment and

5

takes issue with the Plan's denial on the basis that the requested treatment was not medically necessary.  Plaintiff can continue to pursue these claims in Counts I and II.  However, Plaintiff fails to assert a claim that is plausible on its face and merely recites the parity laws of New York and Missouri without providing any factual allegations supporting the claim.

As stated above, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Here, the factual allegations contained in the petition are legal conclusions and do not raise a claim under the parity laws above the speculative level.  Therefore, dismissal of Count III for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is warranted.

     Accordingly,

     **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count III  (ECF No. 6) is **GRANTED.**

       /s/ Terry I. Adelman  
      UNITED STATES MAGISTRATE JUDGE

Dated this   12th   day of November, 2013.