UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA SCHOOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV282 TIA |
| | ) | |
| UNITED HEALTCARE INSURANCE | ) | |
| COMPANY d/b/a | ) | |
| OXFORD HEALTH PLANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Limited Discovery (ECF No. 25). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

The Court previously set forth the background pertaining to this case in its Memorandum and Order dated November 12, 2013, which the Court incorporates by reference herein. (ECF No. 31) On February 14, 2013, Plaintiff filed a Complaint pursuant to the Employee Retirement Income Security Act ("ERISA") against Defendants Oxford Health Plans ("Oxford") and United Behavioral Health ("UBH"). The case stems from the denial of health care benefits pertaining to Plaintiff's eating disorder treatment. Count I seeks recovery of benefits from Defendants under 29 U.S.C. § 1132(a)(1)(B). Count II seeks equitable relief from Defendants for failure to pay for treatment, and Count III seeks damages against Defendants based on alleged violations of state mental health parity laws. On March 21, 2013, Defendants filed a Motion to Dismiss Count III of the Complaint, which the Court granted on November 12, 2013. Plaintiff now seeks limited discovery including production of documents and a deposition of corporate representative in

order to determine Defendants' conflict of interest and procedural irregularities pertaining to the claims review process. Defendants maintain that discovery is not warranted in this case because this Court's review is limited to the evidence that was before the plan administrator.

## Discussion

Generally, in ERISA cases, "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Courts apply a deferential standard where "the plan documents . . . contain explicit language conferring discretionary authority." Winterbauer v. Life Ins. Co. of North America, No. 4:07CV1026 DDN, 2008 WL 4643942, at *1 (E.D. Mo. Oct. 20, 2008) (citation omitted). Here, Defendant does not indicate which standard of review applies but argues that the administrative record is sufficient for the Court to determine the applicable standard of review. Plaintiff contends that, because Defendants have failed to demonstrate that the plan gives discretionary authority, the Court should apply *de novo* review and allow limited discovery.

Generally, judicial review in ERISA cases is limited to the evidence before the administrator. Jones v. ReliaStar Life Ins. Co., 615 F.3d 941, 945 (8th Cir. 2010). However, "some limited discovery may still be appropriate in an ERISA case – even where the standard of review is deferential." Winterbauer, 2008 WL 4643942, at *4; see also Buzzanga v. Life Ins. Co. of North America, No. 4:09-CV-1353 (CEJ), 2010 WL 1141344, at *2 (E.D. Mo. March 22, 2010) (noting that courts in the Eastern District of Missouri have permitted some discovery in ERISA cases). "The scope of that discovery, however, has been limited to determining whether a

2

conflict of interest or procedural irregularity exists." Buzzanga, 2010 WL 1141344, at *2. In addition, the Court may permit limited discovery only where a plaintiff demonstrates good cause. Winterbauer, 2008 WL 4643942, at *4.

Plaintiff asserts that she has good cause to conduct limited discovery because the administrative record is unclear as to the extent of the conflict of interest between Oxford and UBH, who are under the umbrella of the same parent company, United HealthCare. While Defendants stipulate that they have the same parent company, Plaintiff maintains that the Court should permit her to conduct discovery regarding whether the insurance company's experts and doctors were truly independent and whether the reviewing physicians had specific knowledge of eating disorder treatment. Further, Plaintiff claims that the administrative record is void of any documents transferring the claims administration responsibility between the Plan (Oxford) and the decision-maker (UBH).

After considering the parties' briefs and the pertinent law, the Court will allow limited discovery in this case. "[A] conflict or procedural irregularity cannot be considered in a vacuum. Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue." Sampson v. Prudential Ins. Co. of America, No. 4:08CV1290 CDP, 2009 WL 882407, at *2 (E.D. Mo. March 26, 2009) (citing Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 116-17, 128 S. Ct. 2343, 2351 (2008)). Plaintiff has shown a conflict of interest because the parties agree that United HealthCare is the parent company to both Oxford and UBH. Id. at *2. Therefore, Plaintiff may conduct discovery to determine the extent of the conflict, as well as discover any procedural irregularities in following the level of care guidelines. However, the Court finds that a deposition of Defendants' designated representative is not warranted at this time. "Allowing a

3

deposition to go forward, without any material, probative evidence of bias invites a fishing expedition." Winterbauer, 2008 WL 4643942, at *7. The Plaintiff is free to conduct discovery regarding the alleged conflict of interest and procedural irregularities through specific and narrow interrogatories. The Court also advises the parties to resolve any discovery disputes in good faith before requesting Court intervention.

Further, because the Court previously dismissed Plaintiff's parity law claim, information regarding the application of New York State Mental Health Parity Laws to Plaintiff's eating disorder may not be the subject of discovery. With regard to the standard of review, the Court reserves judgment on which standard applies until the Court has the opportunity to review the language in the plan.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Limited Discovery (ECF No. 25) is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Consent Motion to Amend the Case Management Order (ECF No. 32) is **GRANTED**. The Court will issue an Amended Case Management Order forthwith.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  18th  day of December, 2013.